UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,

    Plaintiff,

v.

NEVADA TITLE COMPANY,

    Defendant.

Case No. 2:11-CV-00380-KJD-CWH

**ORDER**

    Presently before the Court is Plaintiff's Motion to Have the Court Determine the Amount of Its Recoverable Fees (#29). Defendant filed a response in opposition (#32) to which Plaintiff replied (#33). Also before the Court is Plaintiff's Motion to Amend (#37). Defendant filed a response in opposition (#52) to which Plaintiff replied (#58). Finally before the Court is Defendant's Motion for Leave to Amend Its Answer to Assert Additional Affirmative Defenses (#38). Though the time for doing so has passed, no response in opposition has been filed. Therefore, in accordance with Local Rule 7-2(d) and good cause being found, the Court grants Defendant's motion to amend its answer.

I.  Background

    According to the allegation of its complaint, Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth") was injured when its agent, Defendant Nevada Title Company

("Nevada Title"), breached the agency agreement between Plaintiff and Defendant.  The agency relationship between Commonwealth and Nevada Title was a typical insurance industry agreement where Commonwealth furnished Nevada Title with its standard form committments and title insurance policies.  Then, Nevada Title was free to issue committments and policies based on its own title examinations as long as no special risks appeared, Nevada Title followed underwriting principles established in the agency agreements and processed applications in conformity with the usual and customary practices and procedures.

Commonwealth alleges that Nevada Title failed to abide by the agency agreement and follow the established underwriting principles causing Commonwealth to assume an ultra-hazardous risk.  Approximately half-a-dozen underlying lawsuits sprang from that risk, requiring Commonwealth to pay for the defense of insureds and to fight alleged breaches of the title insurance policy issued by Nevada Title.  As a result, Commonwealth has incurred attorney's fees and litigation costs exceeding one million dollars.

The agency agreement between Plaintiff and Defendant expressly allowed Commonwealth to recover all loss including attorney's fees and costs of litigation incurred that arose from a breach of the agreement or Nevada Title's negligence or failure to abide by the rules, regulations and instructions of Commonwealth.  Commonwealth filed the present action on March 10, 2011 and pled attorneys fees and costs of litigation as an element of special damages.  Nevada Title now seeks to have the Court order that liability for the attorney's fees be determined by a jury, but to have the Court determine the amount of damages.

II.  Motion to Have the Court Determine the Fees

Both parties agree that a jury is required to determine liability for the attorney's fees and costs of litigation under the agency agreement.  However, Plaintiff asserts that the Court must determine the reasonable amount of the fees and costs and Defendant asserts that it must not be denied its right to a jury trial on the amount of damages.  Both parties cite to the Nevada case <u>Sandy Valley Assocs. v. Sky Ranch Estates Owners Assoc.</u>, 35 P.3d 964 (Nev. 2001) to support their claim.  In <u>Sandy</u>

Valley, the Nevada Supreme Court expressly held: "When attorney fees are alleged as damages, they must be specifically pleaded and proven by competent evidence at trial, just as any other element of damages." Id. at 960.  Plaintiff asserts, that because the Nevada Supreme Court allowed a post-trial evidentiary hearing on the issue of attorneys fees as special damages, this Court must be allowed to determine the amount of the fees.  However, the Nevada Supreme Court stated that because of prior, confusing case law, the trial court's determination of the issue after trial was "understandable" and allowed a post-trial evidentiary hearing as a remedy. Id. at 959.  The Nevada Supreme Court specifically qualified its allowance with the express provision requiring that in all future cases proof of liability and the amount of damages must be proven by competent evidence at trial when the fees at issue are an element of damages specially pled. See Id.

Commonwealth attempts to buttress its argument by citing Shuette v. Beazer Homes Holding Corp., 124 P.3d 530 (Nev. 2005).  Beazer stated that with liability for attorney's fees presumed under a construction defect statute, all that remained was an equitable calculation of the fees, "a matter traditionally reserved to the courts." Id. at 548.  However, the attorney's fees in Beazer were recoverable under statute, not "the narrow special damages exception discussed in Sandy Valley[.]" Id.  Accordingly, Beazer is distinguishable from Sandy Valley on this basis, as expressly recognized by Beazer.  Therefore, the Court finds that amount of attorney's fees and costs of litigation as special damages must be determined by the finder of fact at trial.

III.  Plaintiff's Motion to Amend

Defendant opposes Plaintiff's timely motion to amend by asserting that it would be futile to add a new defendant.  Under Federal Rule of Civil Procedure Rule 15(a), a party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Although Rule 15(a) is very liberal, courts may deny a proposed amendment which "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."

3

1 | AmerisourceBergen Corp. V. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006)(quoting Fed.
2 | R. Civ. P. 15(a)).

      Here, Plaintiff has made allegations that if taken as true, as the Court must without converting the motion into a motion for summary judgment, establish the liability of the proposed additional defendant, Nevada Title Insurance Company ("NTIC"). Plaintiff is entitled to discovery establishing NTIC's liability under the guarantee clause in the First Amendment to Agency Agreement. Given the extreme liberality of Rule 15(a), the Court grants Plaintiff's motion to amend.

IV.  Conclusion

      Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Have the Court Determine the Amount of Its Recoverable Fees (#29) is **DENIED**;

      IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (#37) is **GRANTED**;

      IT IS FURTHER ORDERED that Plaintiff's second amended complaint be filed within fourteen (14) days of the entry of this order;

      IT IS FURTHER ORDERED that Defendant's Motion for Leave to Amend Its Answer to Assert Additional Affirmative Defenses (#38) is **GRANTED**.

      DATED this 5th day of March 2013.

_____
Kent J. Dawson
United States District Judge